UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BAYOU STEEL, ET AL. | * | CIVIL ACTION |
| versus | * | NO. 07-1034 |
| EVANSTON INSURANCE CO., ET AL. | * | SECTION "F" |

ORDER AND REASONS

On June 9, 2010, the Court granted the plaintiffs' motion for summary judgment and denied National Union Fire Insurance Company of Pittsburgh, PA's (NUFICPA's) motion for summary judgment. The Court now considers the plaintiffs' request in their summary judgment papers that the Court determine whether Evanston Insurance Company must pay interest on the $1,000,000 limit of its policy or on the entire principal amount of $3,486,474.34 claimed by the plaintiffs. Evanston contends that it is only responsible for interest on its policy limit. The Court agrees.

**Background**

The facts underlying this coverage dispute are set forth in the Court's June 9, 2010 Order & Reasons, as well as the Fifth Circuit's unpublished opinion, Bayou Steel Corp. v. Evanston Ins. Co., 354 Fed.Appx. 9 (5th Cir. Nov. 10, 2009).

There are no contested material facts. The plaintiffs had sought reimbursement from Evanston and NUFICPA for the

1

$3,486.474.34 that they expended to defend and settle Ryan Campbell's underlying suit.

Once the Fifth Circuit determined that Evanston's policy provided coverage to Bayou Steel for Campbell's claim, following remand to this Court, Evanston endeavored to pay the full amount it believed was due, including interest. To that end, on March 22, 2010, Evanston filed a motion to deposit the sum of $1,293,159.45 into the registry of the Court based on the following:

NYMAGIC paid $3,414,841.76 toward the settlement of Campbell's lawsuit. Bayou Steel claims that it incurred $71,632.58 in unreimbursed fees and expenses in connection with its defense of the underlying suit. The Evanston policy has a limit of $1,000,000 and a deductible of $25,000. Given this, Evanston calculated the principal amount owed to be:

```
    Policy limit:              $1,000,000.00
    Defense costs:                 71, 632.58
                              _____
        TOTAL:                 $1,071,632.58
```

The interest component of the deposit was calculated based on interest due through March 22, 2010. As of that date, Evanston submits, the interest due on the principal amount owed was $246,526.87. Accordingly, Evanston calculated the total amount of the deposit:

```
    Principal:                 $1,071,632.58
    Interest:              +       246,526.87
                              _____
    Sub-total:                 $1,318,159.45
```

2

```
(Less) Policy Deductible:      -  25,000.00
                              _____
     TOTAL DEPOSIT:               $1,293,159.45
```

The Court granted Evanston's motion to deposit $1,293,159.45 into the registry on April 5, 2010. Three days later, the Court granted the plaintiffs' motion for disbursement of funds. The plaintiffs now ask the Court to determine whether Evanston is liable for interest only on the $1,000,000 limit of its policy or on the entire principal amount of $3,486,474.34 claimed by plaintiffs. Based on the clear language of the policy in light of Louisiana law, the Court finds that Evanston is responsible only for the interest on its policy limit.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported

motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

*A.*

In determining the amount of interest due on a judgment based on an insurance contract, the Court looks to the relevant policy provision in light of the applicable law, here Louisiana.[1] As this Court has previously observed, an insurance policy is a

---

[1]There is no dispute, and this Court and the Fifth Circuit have already determined, that Louisiana law applies.

4

contract that must be construed using the general rules of contract interpretation set forth in the Civil Code. See Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003). Pursuant to Civil Code article 2047, words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. See Henry v. South Louisiana Sugars Co-op., Inc., 957 So.2d 1275, 1277 (La. 2007) (citing Cadwallader, 848 So.2d at 580). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent" (La. Civ. Code art. 2046), and the agreement must be enforced as written. Hebert v. Webre, 982 So.2d 770, 773-74 (La. 2008).

*B.*

La.R.S. 13:4203 provides for the payment of legal interest "from the date of judicial demand on all judgments, sounding in damages, ex delicto." Thus, when liable, the insurer must pay, in addition to policy limits, judicial interest on the policy limits from the date of judicial demand. See Moon v. City of Baton Rouge, 522 So.2d 117, 127 (La. App. 1 Cir. 1987)(finding that the trial court correctly allocated the payment of pre-judgment interest according to each defendant's pro-rata share of the total judgment); see also Epps v. City of Baton Rouge, 604 So.2d 1336 (La. App. 1 Cir. 1992)("Generally, an insurer owes interest on its

5

policy limits only, from the date of judicial demand until paid, unless the policy provides otherwise"). This requirement applies to primary and excess insurers such that each are liable for the interest attributable to their proportionate share of the total judgment. Moon, 522 So.2d at 127. "Where there is a primary and an excess insurer," as here, "Louisiana courts look to the terms of the policies to determine whether and to what extent the excess insurer is responsible for prejudgment interest." Hebert v. Exxon Corp., Nos. 86-582, 91-131, 1991 WL 220394, at *2 (La. App. 1 Cir. 1987) (citations omitted).

Both Evanston's primary policy and NUFICPA's umbrella policy provide that interest is to be paid by each of them on the amounts they respectively pay. Evanston's primary policy provides:

> SUPPLEMENTAL PAYMENTS – COVERAGES A and B
> We will pay, with respect to any claim or "suit" we defend:
> ***
> 6. Prejudgment interest awarded against the insured **on that part of the judgment we pay**. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period fo time after the offer.
> 7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.
> (emphasis added).[2]

---

[2]Similarly, NUFICPA's umbrella policy provides:

II. Defense

6

The clear language of Evanston's policy supports its position that it is responsible only for interest on the part of the judgment it pays; the Court must uphold the terms of the insurance contract.

Accordingly, IT IS ORDERED: that Evanston Insurance Company is responsible only for interest on its policy limit of $1,000,000 as set forth in this Order & Reasons. IT IS FURTHER ORDERED: that, if there are no further issues for the Court to resolve, counsel must submit a proposed judgment within seven (7) days of this Order & Reasons.

New Orleans, Louisiana, June 16, 2010.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

    \*\*\*
- B. When we assume the defense of any claim or Suit:
    \*\*\*
  - 2. We will pay the following:
      \*\*\*
    - d. pre-judgment interest award[ed] against the Insured **on the part of the judgment we pay**. If we make an offer to pay the applicable Limit of Insurance, we will not pay any pre-judgment interest unless based on that period of time after the offer;
    - e. all interest that accrues after entry of judgment and before we have paid, offered to pay or deposited in court the part of the judgment that is within our applicable Limit of Insurance ....

(emphasis added)